Opinion filed March 13, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed March 13,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00219-CV 

                                                    __________

 

                              IN THE MATTER OF D.S.A. AND P.J.A.

                                                              

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown
County, Texas

 

                                             Trial
Court Cause No. CV 05-07-334

 



 

                                             M
E M O R A N D U M   O P I N I O N

Morris
Franklin Abernathy appeals from the trial court=s
order terminating his parental rights to his children, D.S.A. and P.J.A.  We
affirm.

 On
July 22, 2005, the Texas Department of Family and Protective Services (the
Department) filed a petition to terminate Abernathy=s parental rights.[1] 
The petition alleged as grounds for termination that Abernathy:

(1)
knowingly placed or knowingly allowed the children to remain in conditions or
surroundings which endanger the physical or emotional well-being of the
children;

 








(2) engaged in
conduct or knowingly placed the children with persons who engaged in conduct
which endangers the physical or emotional well-being of the children;

 

(3) failed to
comply with the provisions of a court order that specifically established the actions
necessary for the father to obtain the return of the children who have been in
the permanent or temporary managing conservatorship of [the Department] for not
less than nine months as a result of the children=s
removal from the parent . . .

 

(4) knowingly
engaged in criminal conduct that has resulted in the father=s conviction of an offense
and confinement or imprisonment and inability to care for the children for not
less than two years from the date of filing the petition.[2]

 

The four grounds
were submitted to the jury in broad-form.  The jury returned a verdict that
Abernathy=s parental
rights to D.S.A. and P.J.A. should be terminated.  The trial court entered an
order terminating Abernathy=s
rights to D.S.A. and P.J.A.  

In
his sole issue on appeal, Abernathy argues that the trial court erred Ain submitting a broad-form
question to the jury because one of the grounds for termination of parental
rights submitted was invalid and not legally or factually supported by the
evidence.@  The burden
of proof at trial in parental‑termination cases is by clear and
convincing evidence.  Tex. Fam. Code Ann.
' 161.001 (Vernon
Supp. 2007);  In re J.F.C., 96 S.W.3d 256, 263 (Tex. 2002).  Clear and
convincing evidence means the measure or degree of proof that will produce in
the mind of the trier of fact a firm belief or conviction as to the truth of
the allegations sought to be established.  Tex.
Fam. Code Ann. ' 101.007
(Vernon 2002); J.F.C., 96 S.W.3d at 264.  This heightened burden of
proof results in a heightened standard of review.  

When
determining legal sufficiency, we review all the evidence in the light most
favorable to the finding Ato
determine whether a reasonable trier of fact could have formed a firm belief or
conviction that its finding was true.@  
J.F.C., 96 S.W.3d at 266.  In conducting a legal sufficiency review in a
parental‑termination case, we must consider all of the evidence, not only
that which favors the verdict.  In re J.P.B., 180 S.W.3d 570, 573 (Tex.
2005); see City of Keller v. Wilson, 168 S.W.3d 802, 817 (Tex. 2005).  








In
a factual sufficiency review, we will give due consideration to evidence that
the factfinder could reasonably have found to be clear and convincing.  In
re C.H., 89 S.W.3d 17, 25 (Tex. 2002); Phillips v. Texas Dept. of
Protective and Regulatory Servs., 149 S.W.3d 814, 817 (Tex. App.CEastland 2004, no pet.). 
We determine whether the evidence is such that a factfinder could reasonably
form a firm belief or conviction about the truth of the State=s allegations.   Phillips,
149 S.W.3d at 817.  We also consider whether any disputed evidence is such that
a reasonable factfinder could not have resolved that disputed evidence in favor
of its finding. Id. 

Abernathy
specifically complains that there was legally and factually insufficient
evidence to support submitting as a ground for termination that he engaged in
criminal conduct that has resulted in his confinement or imprisonment and
inability to care for the children for not less than two years from the date of
filing the petition.  Section 161.001(1) provides that parental rights may be
terminated if the parent:

(Q)
knowingly engaged in criminal conduct that has resulted in the parent=s:

 

(i)
conviction of an offense; and

 

(ii)
confinement or imprisonment and inability to care for the child for not less
than two years from the date of filing the petition.

 

Abernathy was
incarcerated on several different occasions.  His most recent incarceration was
August 23, 2004.  The Department filed the petition to terminate on July 22,
2005, and the trial court entered the order of termination on July 27, 2006. 
Abernathy contends that he was not confined for two years from the date of
filing the petition to terminate as required by Section 161.001(1)(Q).

In
In re A.V., 113 S.W.3d 355, 360 (Tex. 2003), the court found that the
requirement of confinement or imprisonment and inability to care for the child
for not less than two years from the date of filing the petition set out in
Section 161.001(1)(Q) is to be applied prospectively.  The court stated that:

            In
reading subsection Q to apply prospectively, the subsection fills a gap left by
other grounds for termination.  A prospective reading of subsection Q allows
the State to act in anticipation of a parent=s
abandonment of the child and not just in response to it.  Thus, if the parent
is convicted and sentenced to serve at least two years and will be unable to
provide for his or her child during that time, the State may use subsection Q
to ensure that the child will not be neglected.








Id. at
360.  Abernathy=s
projected release date from prison is September 2009.  Abernathy is sentenced
to serve at least two years from the date the Department filed the petition. 
The evidence is legally and factually sufficient to support submitting as a
ground for termination that Abernathy  engaged in criminal conduct that has
resulted in his confinement or imprisonment and inability to care for the
children for not less than two years from the date of filing the petition.  
Abernathy=s sole issue
on appeal is overruled.

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

March 13, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]The petition also sought to terminate the parental
rights of Edna Jean Hale, the mother of D.S.A. and P.J.A.  Hale voluntarily
relinquished her rights prior to trial and is not a party to this appeal. 





[2]The petition alleged a fifth ground for termination;
however, that ground was not submitted to the jury.